IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES ALLEN NUNLEY                                                               PLAINTIFF

       v.                          Civil No. 02-5199

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT
OF JUSTICE; DRUG ENFORCEMENT
ADMINISTRATION; OFFICER HALFACRE,
Individually and in his official capacities;
UNKNOWN FEDERAL NARCOTICS AGENT,
Individually and in their official capacities                 DEFENDANTS

## **O R D E R**

Before the court for decision is the motion to stay discovery filed by Denny Halfacre (Doc. 72). Halfacre has received a set of interrogatories from the plaintiff. Halfacre indicates the interrogatories are attached to the motion for protective order (Doc. 67) filed by the United States on October 12, 2006, as exhibit 2. However, no interrogatories are attached as exhibits to the motion that was filed with the court. Instead, the three exhibits attached to that motion are two letters from the plaintiff and a letter addressed to Mr. George Butler.

Halfacre asserts that he has raised the defense of qualified immunity in the pending motion to dismiss or in the alternative motion for summary judgment. As such, he argues discovery bearing on the merits of the claims against him should not proceed until the threshold question of qualified immunity is resolved.

In ruling on this motion, the court must keep in mind the procedural history of this case. Following the court's ruling on the defendants' motion for summary judgment and supplemental motion for summary judgment, the plaintiff appealed to the Court of Appeals for the Eighth

-1-

Circuit. *Nunley v. Department of Justice*, 425 F.3d 1132 (8th Cir. 2005). The case was reversed in part and remanded to this court. Qualified immunity was not an issue on appeal.

Following remand, on February 14, 2006, the Honorable Jimm Larry Hendren, the United States District Judge to whom this case is assigned, found the defendants had established a rebuttable presumption that the mail distribution procedures of the Washington County Detention Center were constitutionally adequate. (Doc. 55). It was noted that the burden was on the plaintiff to prove that those procedures were not reasonably calculated to provide notice to a prisoner such as plaintiff at the time in question. (Doc. 55). The court also noted there was a second issue as to whether the content of the forfeitures notices was sufficient. (Doc. 55). Finally, in recognition of plaintiff's incarceration, United States District Judge Hendren ordered the defendants to cooperate with the plaintiff as needed so that the plaintiff could obtain such evidence as was available and reasonably necessary to present his position. (Doc. 55).

The parties were then directed to file additional evidentiary submissions to flesh out their respective positions as to the adequacy of the mail distribution procedures at the Washington County Detention Center, at the relevant time. (Doc. 59). Defendants were also directed to file a summary judgment motion on the issue of the adequacy of the content of the notices of forfeiture. (Doc. 59). Plaintiff was directed to respond to the motion. (Doc. 59).

The court agrees that qualified immunity is normally an issue that should be resolved as early as possible and that one of its purposes is to protect public officials from broad-ranging discovery. *Anderson v. Creighton*, 483 U.S. 635, 646-47 n. 6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)(citation omitted). It has been recognized that limited discovery may be required to resolve the qualified immunity question. *Id.* Moreover, in some circumstances, full discovery has occurred before the court has ruled on a motion for summary judgment raising the issue of

qualified immunity.  *See e.g., Technical Ordnance, Inc. v. U.S.*, 244 F.3d 641, 646-647 (8th Cir. 2001)(noting full discovery was permitted before the court ruled on the renewed motion for summary judgment).  Given the circumstances of this case, the court believes it is appropriate to allow some discovery to occur.  The motion to stay discovery (Doc. 72) is denied.

IT IS SO ORDERED this 13th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)