IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES ALLEN NUNLEY                                          PLAINTIFF

            v.                    Civil No. 02-5199

DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA;
DRUG ENFORCEMENT AGENCY;
OFFICER HALFACRE, Individually
and in his Official Capacities;
FEDERAL NARCOTICS AGENTS,
Individually and in their
Official Capacities                                        DEFENDANTS

O R D E R

Now on this 5th day of March, 2007, come on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #80), **Plaintiff's Reply To Defendants' Response To Plaintiff's Motion For Summary Judgment In His Favor** (document #81)[1], and plaintiff's **Objections To Magistrate's Report And Recommendations** (document #82), and the Court, having considered these documents in light of the other pleadings and orders in the file, finds and orders as follows:

1.   Nunley alleges that his due process rights were violated by the manner in which he was found to have administratively forfeited certain property in which he claims an interest.  The Court initially granted summary judgment in favor of defendants on all of Nunley's claims.  Nunley appealed that decision, and the

_____

[1]Although this Reply is directed at the defendants' motion addressed by the R&R, rather than the R&R itself, the Court has elected to treat it as setting forth objections to the R&R because it was filed after the R&R was entered.

Eighth Circuit Court of Appeals affirmed in part and reversed in part.  The matter was remanded for proceedings consistent with the appellate opinion in **Nunley v. Department of Justice, 425 F.3d 1132 (8th Cir. 2005).**

2.   The appellate opinion reversed the entry of summary judgment in favor of defendants on Nunley's claims that he received insufficient notice of forfeiture proceedings relative to four items:  a Corvette, $131,574 in currency, $1,025 in currency, and $1,815 in currency.  The opinion also indicated that if Nunley had properly raised the issue of sufficiency of the content of the forfeiture notices, that issue must be specifically addressed.

3.   The matter was remanded to the Magistrate Judge, who supervised discovery and eventually issued the Report And Recommendation ("R&R") now under consideration in connection with defendants' **Motion To Dismiss Or In The Alternative For Summary Judgment** (document #60) and Nunley's **Motion For Summary Judgment In His Favor** (document #77).

4.   By way of background, Nunley was incarcerated in the Washington County Detention Center ("WCDC") when the challenged forfeiture proceedings were begun.  The notices of forfeiture in question were mailed to him via certified mail at the WCDC. The Eighth Circuit held that "the answer to the question of whether Mr. Nunley received constitutionally adequate notice turns on the sufficiency of the notices sent to the jail."  In that regard, it

-2-

further held that "there is no irrebuttable presumption that a prison's internal mail-distribution procedures are reasonably calculated to provide notice, but that the prisoner, as the plaintiff, has the burden to demonstrate that the procedures are inadequate."

5.    Upon remand, this Court reviewed the evidence then in the record with regard to the mail distribution procedures in question, and found that defendants had established a rebuttable presumption that the mail distribution procedures of the WCDC were constitutionally adequate, and that the burden rested with Nunley to prove that those procedures were not reasonably calculated to provide notice to a prisoner such as he was at the time in question.

The Court further found that a claim of constitutional insufficiency of the content of seven separate notices of forfeiture had been properly asserted, and remained for decision.

These matters were referred to the Magistrate Judge to allow the parties to supplement their evidentiary submissions, and for further report and recommendation.

6.    Following a period of discovery, and the submission of motions for summary judgment by all parties, the Magistrate Judge reported as follows:

  *    Defendant Officer Halfacre had no involvement in the forfeiture proceedings.

    \*     The notices of forfeiture each contained language advising Nunley that if he was indigent, he could request a waiver of the bond requirement in forfeiture proceedings.

    \*     The method of giving Nunley notice - via certified mail delivered through the prison mail delivery system in the WCDC - was constitutionally adequate.  The mail was delivered to, and sorted by, employees of the Washington County Sheriff's Office with specific responsibility for the task.  Once sorted, inmate mail was picked up by a WCDC detention officer, logged into a computer, and then delivered directly to inmates.

The Magistrate Judge recommended that Nunley's motion for summary judgment be denied, and that defendants' motion for summary judgment be granted.

7.   Nunley first objects that it was error to place on him the burden of proving that the mail procedures at the WCDC were constitutionally inadequate. However, as the Eighth Circuit noted in **Nunley**, "[t]ime-worn rules require the conclusion that a prisoner who files a suit claiming that he or she has received inadequate notice has the burden of proving that the prison's procedures fall short of the minimum required by the Constitution." **425 F.3d at 1138.**   This objection is without merit.

8.    Nunley next objects that the Magistrate Judge erred in failing to consider two of his arguments because they had not been raised at an earlier stage of the proceedings.  These arguments are (a) that the WCDC mail policy was inadequate because it did not categorize mail from law enforcement agencies as privileged mail which could only be opened for inspection in the presence of and after being signed for by the inmate, and (b) that the policy does not include a procedure for handling certified mail.

The Court finds no merit in this objection.  Regardless of whether these arguments were addressed by the Magistrate Judge, Nunley offers neither factual nor legal argument that would result in a different outcome in his case.  He relies entirely on speculation that a jail employee could deliberately fail to deliver mail that was opened outside of an inmate's presence because of some possible bias on the part of the person opening the mail.  Such speculation is not proof, and will not defeat summary judgment.  **Moody v. St. Charles County**, **23 F.3d 1410, 1412 (8th Cir. 1994).**

9.    Nunley objects that the Magistrate Judge failed to address his argument that **Dusenbery v. U.S.**, **534 U.S. 161 (2002)** is distinguishable, and that "a different rule of law had to be applied" in his case.  While this objection is not fleshed out in Nunley's Objections, the Court notes that Nunley contends (at page 23 of his Response To Defendants' Motion For Summary Judgment)

-5-

that the WCDC mail policy is inadequate under **Dusenbery** because
there are "too many stops and too many hands the mail must pass
through to insure there will be no problems with the delivery" and
because there was no policy requiring that the WCDC obtain inmate
authorization for staff members to sign for certified mail
addressed to that inmate.

The Court is not persuaded by these arguments.  The "too many
stops and too many hands" is simply another version of the
speculative argument addressed in paragraph 7, and will not
suffice to defeat summary judgment.  The Court finds nothing in
**Dusenbery** to suggest that the prison mail system there required
inmate authorization to sign for certified mail, and the case
certainly did not turn on such authorization.  These objections
are without merit.

10.  Nunley also objects that the Magistrate Judge erred in
finding that there was no evidence that he did not actually
receive the forfeiture notices in question.  He points out that
the mail was not logged into the WCDC computer, and that he had
submitted an Affidavit averring that he did not receive the mail.
Nunley is correct that this constitutes evidence that he did not
receive the pieces of mail in question.  The objection is without
merit, however, because actual receipt of the mail is not the
issue.  As the Eighth Circuit pointed out in **Nunley**, "[t]he due
process clause does not require that the interested party receive

actual notice of the pending actions. . . . Instead, due process is satisfied if the method of notice is 'reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'." **425 F.3d at 1136**.

11.  Nunley objects that summary judgment is not appropriate in this case because there are two disputed issues of material fact, i.e., whether the sender of the notices could have reasonably believed the procedure utilized would insure delivery, and whether the WCDC mail delivery procedures were adequate.

The first of these supposed issues misperceives the standard announced in **Mullane v. Central Hanover Bank & Trust Co.**, **339 U.S. 306 (1950)**.  That case calls for notice "reasonably calculated, under all of the circumstances, to apprise interested parties," not notice reasonably believed to be sufficient.  This objection is, therefore, without merit.

As for the objection that "there is an unresolved dispute over the adequcy [sic] of the procedures at the WCDC," that is the central issue in the case.  Yet Nunley does not suggest that he has witnesses who would, if allowed to testify, shed light on the issue.  He simply places a different legal interpretation on the facts, which are pretty much undisputed. He maintains that "the procedures speak for themselves: they fail to provide sufficient protections for certain mail to render them adequate so that a

-7-

belief might be drawn from a far away actor that something mailed to an inmate at the facility will be delivered."  The Court agrees that the procedures speak for themselves, but disagrees with Nunley's conclusion that they are insufficient. The mail delivery system at the WCDC is virtually identical to that found sufficient in **Dusenbery**.  This objection is without merit.

12.  Finally, Nunley objects to the transfer of this case from Magistrate Judge Beverly Stites Jones to Magistrate Judge James Marschewski, and to the promptness with which Magistrate Judge Marschewski issued the R&R.  This objection is without merit.  A litigant has no right to have his case heard by any particular judge, nor to have the judge linger over the decision for any particular length of time.

The Court notes that, while Nunley might not have known that Magistrate Judge Jones retired and that Magistrate Judge Marschewski was appointed to replace her - thus inheriting cases previously assigned to her - Nunley's leap to the conclusion that the government somehow engineered Judge Jones' removal from the case is typical of his unsupported suspicions that he is being unfairly treated and conspired against.  Since these suspicions are no more than that - and are so obviously incorrect - the Court deems it unnecessary to discuss them.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted *in toto*,** and Nunley's **Objections**

**To Magistrate's Report And Recommendations** (document #82) are **overruled.**

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, Nunley's **Motion For Summary Judgment In His Favor** (document #77) is **denied.**

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, defendants' **Motion To Dismiss Or In The Alternative For Summary Judgment** (document #60) is **granted,** and this case is hereby **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                        **   /s/ Jimm Larry Hendren   **
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**